In the Matter of the Application of Michael HANUS to take the Iowa Bar Examination, Michael Hanus, Applicant.

No. 01–0002.

Supreme Court of Iowa.

April 25, 2001.

Rehearing Denied June 4, 2001.

Michael Hanus, Fremont, Nebraska, pro se.

Pamela Griebel and Cristina Kuhn, Assistant Attorneys General, for Iowa Board of Law Examiners.

LARSON, Justice.

Our board of law examiners, appointed pursuant to Iowa Code section 602.10103 (1993), is charged with regulation of the admission to the Iowa bar. As a part of that process, the board investigates the character and fitness of bar applicants. Ct. R. 108(a). In this case, the board found the applicant, Michael Hanus, had failed to carry his burden of showing he has the requisite character and fitness to

be permitted to take the bar examination, and he filed this appeal. We affirm.

## I. *The Legal Principles.*

Under Court Rule 100(b),

[t]he authority to pass on the sufficiency of applications for permission to take the bar examination is vested in the Iowa board of law examiners, subject, however, to review by the Iowa supreme court.

Under rule 108(a),

[t]he Iowa board of law examiners shall make an investigation of the moral character and fitness of any applicant and may procure the services of any bar association, agency, organization, or individual qualified to make a moral character or fitness report.

The burden to demonstrate the requisite character and fitness is on the applicant, under Court Rule 104:

The board of law examiners and the clerk of this court shall prepare such forms as may be necessary for application for examination. The application shall require the applicant to demonstrate the applicant is a person of honesty, integrity and trustworthiness, and one who appreciates and will adhere to the code of professional responsibility as adopted by the supreme court, together with such other information as the board and clerk determine necessary and proper.

We said in *In re Peterson,* 439 N.W.2d 165, 166 (Iowa 1989), that the standard of proof is a *"convincing* preponderance of the evidence" (emphasis added), although Court Rule 104 does not provide for a convincing-preponderance standard. Moreover, the case we cited in *Peterson* for the proposition that a convincing preponderance was required, *Committee on Professional Ethics & Conduct v. Kras-*

*chel,* 260 Iowa 187, 148 N.W.2d 621, 627 (1967), was an attorney disciplinary case in which the committee had the burden of proof by a convincing preponderance of the evidence; it was not an appeal from a law examiners' order. Nevertheless, the standard of proof to be applied in this case is not significant because, whether it is a convincing preponderance or a mere preponderance of the evidence, Hanus has failed to carry his burden of establishing the requisite character under Court Rule 104.

Court Rule 110 establishes the procedure for challenging a ruling of the board:

When the board of law examiners determines that any person who registers or makes application should not be permitted to take a bar examination, or that an applicant who has passed a bar examination should not be recommended for admission to practice law in Iowa, the board shall notify the applicant in writing of its determination.

Ct. R. 110(c).

If an applicant requests a hearing,

the chairperson of the board shall appoint a lawyer-member of the board to act as hearing officer. The hearing officer shall promptly set a hearing, and the clerk of the supreme court shall notify the applicant by mail at least ten days before the hearing date of the time and place of hearing.

Ct. R. 110(c)(4).

Under rule 110(c)(8), the board's hearing officer is to provide the board with a hearing transcript and a summary of the evidence without fact-findings or legal conclusions. The board is then to make its final determination, and the supreme court clerk is to notify the applicant of the board's decision.

## II. *Prior Proceedings.*

In this case, the board appointed a hearing officer (a lawyer member of the board). The hearing officer made his report, and the board unanimously voted to deny Hanus's application. We are now at the stage where this court must make the final decision.

## III. *The Evidence.*

■ We review the record de novo. *Peterson,* 439 N.W.2d at 166.

As we noted in an attorney disciplinary case,

> [f]undamental honesty is the baseline and mandatory requirement to serve in the legal profession. The whole structure of ethical standards is derived from the paramount need for lawyers to be trustworthy. The court system and the public we serve are damaged when our officers play fast and loose with the truth. The damage occurs without regard to whether misleading conduct is motivated by the client's interest or the lawyer's own.

*Comm. on Prof'l Ethics & Conduct v. Bauerle,* 460 N.W.2d 452, 453 (Iowa 1990). The board contends the evidence adduced at the hearing falls short of establishing the applicant "is a person of honesty, integrity, and trustworthiness" as required by rule 104, and we agree.

■ An applicant has no natural or constitutional right to practice law in this state; it is in the nature of a privilege or franchise. *Peterson,* 439 N.W.2d at 166. On the other hand, we cannot exclude an applicant for reasons that contravene constitutional due process or equal protection. *Id.* We believe the consideration accorded to this applicant comports with all applicable constitutional requirements, and the board's order denying his application is well supported by the record.

■ The applicant graduated from Creighton University Law School and applied, unsuccessfully, for permission to take the bar examination in Nebraska. He then applied to take the Iowa examination, but his efforts in Iowa have been rebuffed at all levels. His problems in both states result from his failure to establish he is a person of honesty, integrity, and trustworthiness, as required by the bar rules of Nebraska and Iowa.

The applicant's problems have been generated to a large extent by two brushes with the law in Nebraska. One was a shoplifting arrest and the other an arrest for failing to display proper license plates. On November 9, 1987, Hanus was arrested for shoplifting a $3.99 socket wrench at a Sears store in Omaha. He pled "no contest" to the charge, although he now contends he was innocent. Hanus sued Sears for false arrest and negligence in failing to train or adequately supervise its personnel. He also sued them for conspiracy to batter and slander. Hanus's wife, who is the subject of a separate case involving her application to take the bar examination, alleged claims against Sears and its employees for loss of consortium and intentional and negligent infliction of emotional distress.

The lawsuits failed, and the Nebraska Court of Appeals affirmed. The court of appeals characterized the case as involving a "massive" record, eighteen volumes of 250 to 300 pages each, and a transcript of pleadings exceeding 430 pages. The court found the suit was meritless. It further found that an attempt by the applicant and his wife to recuse the trial judge was spurious, and their charges against the judge were unfounded. The court found that Hanus's accusations against Sears' attorney were unsubstantiated and found there was "no believable evidence in the record" to support Hanus's charges of misconduct

against the lawyer. The litigation generated by the shoplifting incident spanned almost eight years.

The lawyer for Sears, Robert Peterson, testified that in the Sears litigation he had viewed a videotape of Hanus stealing the socket set, being escorted to the Sears security office, and bolting from the office with a security officer in pursuit. He expressed the opinion that the applicant's integrity is insufficient to warrant his admission to practice law. He claimed Hanus made misrepresentations in motions, that he backdated a motion for summary judgment, and that he failed to comply with court orders resulting in sanctions and dismissal. Hanus contends that, because he obtained a pardon from the mayor of Omaha, the facts surrounding his arrest and subsequent vexatious litigation should not be admitted in the Iowa proceedings, but we disagree.

Hanus was arrested for another offense again giving rise to protracted and vexatious litigation. He was stopped on February 20, 1993, for not having proper license plates. He demanded a jury trial, and the jury found him guilty. He filed a motion for new trial, which was denied, and he then appealed the conviction. After the appeal was exhausted and the conviction was affirmed, he failed to pay the fine. An arrest warrant was issued for him after he failed to appear for a court hearing. He then filed a petition for writ of habeas corpus in another county, which was denied, and he appealed that decision as well. He filed a habeas corpus petition in the United States district court, which was dismissed. The litigation spawned by the traffic citation lasted over six years.

A deputy in the county attorney's office who prosecuted the license plate charge testified about the prosecution and subsequent events. He testified that, based on his contact with the applicant during the course of the litigation, he came to know him well enough to give the opinion that the applicant should not be allowed to practice law. The county attorney involved in the license-plate prosecution testified that Hanus "is not truthful in his pleadings, ... is willing to allege things that simply did not happen, did not occur, and are not truthful," and that the applicant "is not fit to practice law."

Daniel Beckwith, a Nebraska district court judge, testified that Hanus had attempted to make improper contact with jurors after the trial on the license charge. He testified Hanus has "no real respect for the judicial process." He testified that, although he had written a letter of recommendation for Hanus to be admitted to law school in 1992, he has changed his opinion about him and regrets writing that letter. He stated he would not write a letter for Hanus in support of an application to the Nebraska bar and that "[e]vents have made it clear to me that Michael Hanus has substantive lack of respect for the law and the judiciary...." He stated that Hanus would not be an asset to the legal community and that "I don't believe that he is representative of the type of lawyer that I want to have practicing before me."

Hanus was denied permission to take the bar examination in Nebraska in July 1998, based on the Nebraska State Bar Commission's conclusion that Hanus lacks "the necessary character and fitness for admission." The commission stated, in addressing their order to Hanus:

The Commission also finds that you lacked candor in the admissions process. In your application, you did not provide complete information or pertinent copies of court proceedings and decisions in various cases or appeals in which you were a party. Much of this various litigation material had to be independently obtained by the Commission in

order to be reviewed and properly evaluate your application. In addition, the Commission finds that you lacked candor with respect to your shoplifting arrest on November 9, 1987, and your conviction of that charge on January 4, 1988. . . .

Further, it appears the *Sears Roebuck* case involved violations of court orders by you and that this case and other litigation in which you have been involved as the complaining party may have constituted abuses of legal process, including the filing of vexatious lawsuits.

■ Although Hanus contends this court should not consider the Nebraska proceedings as a part of the record in this case, we disagree. Our rules are quite broad; under Court Rule 108(a), our board of law examiners "may procure the services of any bar association, agency, organization, or individual qualified to make a moral character or fitness report." We believe that the Nebraska State Bar Commission is an entity "qualified to make a moral character or fitness report" under this rule, and we give their assessment of the applicant considerable weight.

Based on the record in this case, we conclude that the applicant, Michael J. Hanus, has failed to establish the necessary honesty, integrity, and trustworthiness to be permitted to take the Iowa bar examination. We therefore affirm the order of the board of law examiners.

**ORDER OF LAW EXAMINERS AFFIRMED.**